**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL CASE NO. 22-4-DLB-EBA**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**         **ORDER ADOPTING REPORT AND RECOMMENDATION**

**ADAM CHILDERS**                                                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 34), wherein he recommends that the Court deny Defendant Adam Childers' Motion to Suppress (Doc. # 24). Defendant has filed an Objection, (Doc. # 35), to which the United States responded (Doc. # 36) and thereafter Defendant filed a Reply (Doc. #37). Therefore, the R&R is ripe for the Court's consideration. For the reasons that follow, the R&R is **adopted** as the opinion of the Court, and the Motion to Suppress is **denied**.

**I.**     **FACTUAL BACKGROUND**

On October 19, 2020, IP address 198.37.227.33 was flagged by Ashland Police as downloading over 3000 files of child sexual abuse material (CSAM)[1]. (Search Warrant Affidavit, Doc. # 30-1). Subsequently, Ashland Police learned that earlier that month, on

---

[1] The software program utilized by the Ashland Police was designed to identify the IP addresses sharing or downloading CSAM via peer-to-peer programs. The program scans the hash values of files being shared or downloaded by peer-to-peer users and compares them to hash values of previously confirmed images of CSAM. A hash value is a mathematical algorithm which allows investigators to compare two images and, if the hash values match, conclude with certainty that the images are the same. If a match occurs, that IP address is flagged as potentially sharing or receiving CSAM.

October 5 and 6, 2020, Kentucky State Police Detective Sims had downloaded 132 files containing CSAM from the same IP address. *Id.* A subpoena for subscriber information was then obtained, which revealed that the IP address resolved to the computer at the residence of Adam Childers at 2141 Mantz Street in Ashland, Kentucky. *Id.*

A week later, on October 26, 2020, a search warrant was obtained and executed at Childers' residence by Ashland Police Officer Angel Holmes. (Doc. # 30-1). Childers was present during the search, which revealed a computer, multiple hard drives, disks, binders of printed images, and magazines found to contain, collectively, thousands of images of child sexual abuse material.

Childers was indicted by a grand jury for distributing and possessing visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B). (Doc. #1). On April 6, 2022, he was arrested pursuant to an executed arrest warrant. (Doc. # 12).

Childers seeks to suppress the evidence obtained from the search of his residence. (Doc. #24). He argues that the search warrant was devoid of probable cause. Specifically, he contends that independent investigation supporting the warrant was insufficient and that the information relied upon in obtaining the warrant was stale.

## II.   REPORT AND RECOMMENDATION

Judge Atkins rejected Defendant's arguments. First, he noted that Defendant's argument that simply connecting the IP address, which had been flagged for sharing CSAM, to his residence is an insufficient nexus has been repeatedly rejected by the Sixth Circuit in the context of child pornography cases. Judge Atkins then found that, consistent with Sixth Circuit caselaw, Ashland Police connected the IP address to Childers' address,

thereby establishing a sufficient nexus between to place to be searched and the evidence sought. *See United States v. Elbe*, 774 F.3d 885, 889-90 (6th Cir, 2014).  This nexus provides the basis of probable cause.

As for staleness, Judge Atkins first noted that Childers' argument in this regard was nothing more than conclusory statements and that it was not until he filed a Reply in support of his motion that he articulated why he believes that stale information was the basis of the warrant.  Defendant argues that "[b]ecause Sergeant Daniels did not include how the images were downloaded, the information should be considered stale and the warrant barebones." (Doc. # 33 at pg. 2).  Nonetheless, Judge Atkins proceeded to conduct a detailed analysis of why the warrant was not "stale." Judge Atkins correctly stated that while stale information may not be used as the basis for a search warrant, what is stale depends upon the nature of the crime.  In the context of child pornography, staleness is not based upon calendar days.  He cited Sixth Circuit precedent that "child pornography is not a fleeting crime . . . because the crime of child pornography is generally carried out in the secrecy of the home and over long period, the same limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009) (citing *United States v. Paul*l, 551 F.3d 516, 522 (6th Cir. 2009) (internal quotations omitted). Judge Atkins concluded that, as the warrant affidavit alleged that Defendant had downloaded child pornography on at least two separate occasions; and, given the Sixth Circuit's presumption that evidence relating to child pornography is not fleeting, the information was not stale.

Judge Atkins then addressed Defendant's assertion that because the warrant lacked probable cause, the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984), should not apply. In *Leon*, the Supreme Court held that "the exclusionary rule should not bar the government's introduction of evidence obtained by police officers acting in objectively reasonable reliance on a search warrant that is subsequently invalidated. *Leon*, 468 U.S. at 918–21. There are four instances in which *Leon* does not apply. In this case, Defendant asserts only one, that the warrant was 'so lacking in indicia for probable cause' as to render official belief in its existence unreasonable." *Id.* at 923. Here, the Defendant solely argues that "[t]he affidavit lacked clear indicia for probable cause . . . and any evidence obtained [from the search] should be suppressed[.]"(Doc. # 33 at pg. 3). "An affidavit lacks the requisite indicia of probable cause if it is a 'bare-bones' affidavit. *Leon*, 468 U.S. at 923.

Judge Atkins found the warrant which described more than one incident in which CSAM had been detected from the IP address directly associated with Defendant's residence was based upon sufficient probable cause, was not "barebones", and for that reason, *Leon* does not apply. Therefore, Judge Atkins recommended that Cochran's Motion to Suppress be denied. (*Id.* at 8).

### III. ANALYSIS

#### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a

4

magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."  The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to object is considered waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations."  *Id.*  This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).  Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, (6th Cir. 1997) (unpublished table decision)).

## B.  Defendant's Objection

Defendant's objection to the R&R is nothing more than a reassertion of the arguments raised in his motion to suppress.  Although his recites a few more factual details than set forth in his motion, he cites no new case law and offers no new argument or analysis.  Notably, Defendant fails to even address the unique nature of child

5

pornography as it pertains to the doctrine of staleness, or the other factors analyzed in detail by Magistrate Judge Atkins in the R&R. A reiteration of the same arguments considered and rejected by the Magistrate Judge fails to set forth a viable objection to the R&R.

Accordingly, Defendant's Objection is **overruled**.

## IV.  CONCLUSION

As Defendant has failed to raise any meritorious legal objections to Magistrate Judge Atkins' Report and Recommendation,

**IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court;

(2) Defendant's Objection (Doc. # 35) to the Report and Recommendation is **OVERRULED**;

(3) Defendant's Motion to Suppress (Doc. # 24) is **DENIED**;

(4) The time period from June 6, 2022 through today's date, totaling 128 days, is **excluded** from the provisions of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (H); and

(5) The undersigned will convene an **in-court Status Conference on Monday, October 17, 2022 at 11:00 a.m. in Ashland**. The United States Marshals Service shall ensure that Defendant is present for that conference.

This 12th day of October 2022.



Signed By:
*David L. Bunning*
United States District Judge